### In re CO-OPERATIVE KNITTING MILLS.

(District Court, E. D. New York. February 5, 1913.)

1. BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME—NUNC PRO TUNC.

An order may not be made nunc pro tunc in order to bring the filing of a claim in bankruptcy, not within the year from the date of the adjudication, within the statutory period.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

---

2. BANKRUPTCY (§ 328\*)—CLAIMS—FILING—TIME—ISSUE OF FACT—TRIAL.

A bankruptcy adjudication having been entered September 28, 1911, and petitioner's claim having been rejected by the referee because not filed in time, the creditor moved for an order directing the filing of the claim, and in support thereof presented affidavits that the original proof was offered for filing at the office of the referee in bankruptcy on September 11, 1912, and also on September 28, 1912, and was not actually filed by the referee or his clerk. *Held*, that the application raised a question of fact as to whether the creditor's acts constituted a filing of the claim within the time specified, which could only be determined on a hearing either on affidavits, or by the calling of witnesses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.\*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Co-operative Knitting Mills. On petition to review an order refusing permission to file a claim of the Pennsylvania Yarn Company after the expiration of a year from adjudication.

Reversed and referred to another referee.

Olcott, Gruber, Bonynge & McManus, of New York City, for petitioner.

Harold R. Lhowe, of New York City, for trustee.

CHATFIELD, District Judge. [1] The Pennsylvania Yarn Company have asked for an order directing the filing of a claim herein and reversing the decision of the referee, which is worded as follows:

"The statute requires that all claims must be filed within a certain period. The claim was not filed within the required period as the attorneys have been notified and informed by letter of referee of Dec. 7, 1912, giving full statement of matter. An order cannot be entered nunc pro tunc to bring the filing within a statutory period."

No reference to the proof of claim appears on the records of the court, although the moving papers allege that the original proof was offered for filing at the office of the referee in bankruptcy, upon the 11th day of September, 1912. The referee has certified that according to his records no claim was filed, that September 28, 1912, was one day after the expiration of the time of filing claims, and that the clerk with whom the papers were claimed to have been left was not in his office at the time. Adjudication occurred upon the 28th day of September, 1911, and the year thereafter would not expire until September 28, 1912, nor does the referee state the facts upon which he draws the conclusion that his clerk was not in his office upon the day in question. His conclusion is not within the scope of a certificate of this sort.

[2] The creditor presented affidavits which did not serve the purpose of answering the questions raised. An issue of fact was therefore presented, and this is all that is now before the court. The present motion is brought under subdivision 10 of section 2 of the statute (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3420]), which gives the District Court authority to "consider and confirm, modify or overrule, or return, with instructions for further proceed-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ings, records and findings certified to them by referees." In the decision which the referee made herein, refusing to file the claim in question, he cited an explanation of his position in a letter written by him, under date of December 7, 1912. His stated reason for refusing to file the claim after the expiration of one year is "that an order cannot be entered nunc pro tunc to bring the filing within the statutory period."

This statement of law is entirely correct, but the referee's decision was not based upon a hearing, and in fact no proofs at all were put into the record beyond the original affidavits. The question of fact as to whether any proof of claim was presented at the referee's office for filing, and therefore whether the requirements of the statute were actually complied with so that the claim should be added to the list of those filed must be disposed of after a hearing, either upon affidavits or by the calling of witnesses, and, inasmuch as the referee himself will probably have to be a witness, it seems best to refer the question as to whether this claim was ever presented within the year to another referee for determination.

An order may be entered referring the question of an offer of this claim within the statutory period to Robert F. Tilney, referee.